No. ——

First Circuit Appeal

## R. R. BARROW v. CALISTE A. DUPLANTIS ET AL.

(May 5, 1925, Opinion and Decree.)

(*Syllabus by the Editor*.)

1. **Louisiana Digest—Partnership—Par. 51.** Under a partnership agreement by which all buildings, repairs and improvements made on or for a certain plantation, etc., were, at the expiration of the partnership to remain the property of the owner of the plantation; a tramroad entirely off the plantation, used to transport sugar cane to the refinery, was not constructed for the benefit of the plantation and consequently would not belong to the owner of the plantation at the expiration of the partnership agreement.

Appeal from the Seventeenth Judicial District Court, Parish of Terrebonne, Hon. Robert B. Butler, Judge.

This is a suit coupled with an injunction brought by the owner of a plantation prohibiting the liquidator of a partnership from selling a lot of rails which had been advertised.

There was judgment dissolving the injunction and the plaintiff appealed.

Judgment affirmed.

Harris Gagne, of Houma, attorney for plaintiff, appellant.

Caillouet and Caillouet, of Houma, attorneys for defendant, appellee.

MOUTON, J. Henry Clay Duplantis, owner of the Myrtle Grove plantation, on the 8th of August, 1916, entered into articles of co-partnership with Barrow, plaintiff, for the cultivation of that plantation in corn, sugar cane and other products.

Douglas M. Kilpatrick in the capacity of Liquidator of the partnership of Barrow and Duplantis, obtained an order of court for the sale of a lot of property belonging

to the partnership. The sale was advertised for March 5, 1921.

Plaintiff, formerly a member of said partnership, obtained an injunction prohibiting the Liquidator from selling a lot of rails which had been advertised for sale by the Liquidator.

Counsel for plaintiff says in his brief that the property involved in the dispute, consists of rails used for a narrow gaged railroad, not on the Myrtle Grove Plantation, but used to haul outside cane for the partnership to the refinery. Counsel says, the question is: Do these rails, under the articles of co-partnership, belong to Barrow at the termination of the contract?

The foregoing statement by counsel for plaintiff tersely presents the vital issue submitted for decision in the case. In passing on this question the District Judge said: "Considering that these rails were entirely off the plantation and were used by the partnership to transport cane to the refinery operated by the partnership, they can not be said to have been used on or for said plantation. They were used by and for the partnership in an enterprise entirely separate and independent of the obligations of the partnership to operate and pay rent for Myrtle Grove." Further the court said: "The rails were the property of the partnership, owned and used for profit, or at the risk of loss, by the partnership; they were neither on the plantation nor for the service of the plantation." Plaintiff relies on Article 11 of the partnership to sustain his claim for the ownership of the rails, and which reads as follows:

"All buildings, repairs and improvements made on or for said Myrtle Grove Plantation and machinery added during the term of said partnership shall be made at the expense and cost of the partnership, each partner paying one-half and the same to remain the property of the Plantation at the expiration of the partnership free of cost or expense to said Barrow, unless otherwise agreed in writing."

Under the admission by plaintiff it appears that the rails in question had been laid as a tramroad entirely off the Myrtle Grove Plantation and was used by the partnership to transport outside cane to the refinery. Obviously, the cane was carried from the farms or plantations of adjoining farmers to the refinery, and for the benefit of the co-partnership. The tramway was not constructed for the benefit of Myrtle Grove Plantation as an attachment or improvement for its service and benefit. It therefore did not come within the purview of Article 11 of the partnership which says, that all "improvements made on or for said Myrtle Grove Plantation" shall remain the property of Barrow at the expiration of the partnership. Not having been made for said Plantation, the ownership of the rails used in the construction of this tramway, did not revert to Barrow, lessor, at the termination of the contract under the provisions of Article 11, hereinabove referred to. The rails became an asset of the partnership as was held by the District Judge, who correctly dissolved the injunction which prohibited the sale of the rails by the Liquidator.

Affirmed.